# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EVANS IHENACHOR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-18-3342 |
| JUDGE J. FREDERICK PRICE, JUDGE THOMAS G. ROSS, and THE STATE OF MARYLAND, | * * | |
| Defendants. | * | |

***

## MEMORANDUM

Evans Ihenachor, who is self-represented, filed a civil rights action on October 29, 2018, against Judge J. Frederick Price, Judge Thomas G. Ross, and the State of Maryland. ECF 1. The complaint seeks monetary damages against the defendants due to their alleged violation of plaintiff's due process and equal protection rights, Title VI of The Civil Rights Act of 1964, The Safe Streets Act, the Fifth and Fourteenth Amendments to the United States Constitution, and Maryland state law. *Id.* Plaintiff also alleges that defendants' actions amounted to fraud and negligence. *Id.* Specifically, plaintiff claims that Judge Price failed to adhere to Maryland state law in making determinations in plaintiff's child custody case. *See id.* at 16. Further, he contends that Judge Ross violated his due process rights by failing to recuse himself from the custody proceedings, in which Judge Ross's wife entered her appearance as plaintiff's opposing counsel. For the reasons stated below, the complaint must be dismissed.

Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is

not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Therefore, Judge Price and Judge Ross are immune from suit for actions taken in their official capacities, and the suit shall be dismissed as to the State of Maryland.

As to actions taken in their individual capacities, Judges Price and Ross are Maryland state judges who plaintiff has sued for decisions made in their capacity as judges. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*). Judicial immunity is an absolute immunity; it does not merely protect a defendant from

assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. The Court explained the rationale for judicial immunity, *id.* at 553-54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester*, 484 U.S. at 227-29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*,

3

435 U.S. at 362). Courts thus look to an "act's relation to a general function normally performed by a judge," to determine whether the act was judicial. *Id.* at 13.

Neither exception applies here. Plaintiff's claims stem from the fact that Judges Price and Ross presided over his custody case in state court. Ruling on a pending case over which they had jurisdiction is precisely the type of judicial action covered by judicial immunity. Plaintiff provides no grounds to defeat the judicial immunity that applies to the defendants' determinations in his state court case.

Moreover, it appears that plaintiff previously filed a similar action against the State of Maryland and Judge Price in *Ihenachor v. State of Maryland, et al.*, Civil Action No. RDB-17-3134. In that case, this court dismissed plaintiff's complaint for lack of subject matter jurisdiction and because defendants were entitled to immunity. Thus, to the extent plaintiff now raises the same claims against the State of Maryland and Judge Price, those claims are barred by the doctrine of *res judicata*. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (stating that a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action). Although *res judicata* must ordinarily be pleaded as an affirmative defense, a court may raise the defense on its own motion if it is "on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *accord Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208-10 (4th Cir. 2013); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006).

An Order follows.

Date: March 28, 2019

/s/
Ellen L. Hollander
United States District Judge