# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EVANS IHENACHOR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-18-3342 |
| JUDGE J. FREDERICK PRICE, JUDGE THOMAS G. ROSS, and THE STATE OF MARYLAND, | * * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

By Order dated March 28, 2019, this court dismissed the above-entitled action after determining that the named defendants are immune from suit pursuant to the Eleventh Amendment to the United States Constitution and the doctrine of judicial immunity. ECF 3. On April 10, 2019, the self-represented plaintiff, Evans Ihenachor, filed a "Motion For Reconsideration And Motion For Leave to Amend Complaint." ECF 4. It is supported by several exhibits. Plaintiff asserts that this action is not barred by res judicata, defendants continue to violate federal law, and allowing plaintiff to amend his complaint would be in the interest of justice. *Id.*

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment."

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

As indicated, a district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal

theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

Since the dismissal of plaintiff's complaint, there has been no change in the controlling law. Nor has plaintiff has presented any new evidence. Rather, plaintiff relies on 42 U.S.C. § 2000d-7 to assert that the State of Maryland is not immune under the Eleventh Amendment because it continues to "receive federal financial assistance for its programs and activities" that are subject to section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, and title VI of the Civil Rights Act of 1964. ECF 4 at 4-7.

Section 2000d-7(a)(1) provides:

A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 *et seq.*], the Age Discrimination Act of 1975 [42 U.S.C.

3

6101 *et seq.*], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d *et seq.*], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

In his complaint, plaintiff alleged, *inter alia*, a violation of title VI, at 42. U.S.C. § 2000d, which prohibits against discrimination under federally assisted programs on the ground of race, color, or national origin. *See* ECF 1. Plaintiff's title VI claim, however, has no merit because his underlying claim – that he lost custody of his child due to plaintiff's gender – bears no relation to any programs and activities receiving Federal financial assistance. Nor does plaintiff allege discrimination based on race, color, or national origin. As such, plaintiff's challenge to the State of Maryland's immunity fails, and his Motion for Reconsideration and Motion for Leave to Amend Complaint shall be denied.

An Order follows.

Date: April 15, 2019  /s/
Ellen L. Hollander
United States District Judge